## No. 408.

### Duncan Kennedy, Jr., et als. *v.* Robert C. Rust et als.

A having made a surrender in bankruptcy and become a discharged bankrupt, whose property was sold by his assignee, a suit could not be instituted against him on certain mortgage notes reposing on said property; he was no longer a party in interest, and could not be represented in the case by the curator *ad hoc* appointed for that purpose and upon whom citation was served. Such proceedings were mere nullities. There was then no citation, and prescription took effect against the notes upon which the judgment was predicated.

The plea of prescription filed in this court by defendant against plaintiffs, who allege the nullity of the judgment he relies upon, is not well taken. The plaintiffs, in pursuit of their rights, finding themselves opposed by what purports to be a superior mortgage to theirs, have the right to attack it and show its nullity.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray,* J. *Morrison & Farmer,* for plaintiffs and appellees. *Frank. P. Stubbs,* for defendant and appellant.

TALIAFERRO, J.   Three several creditors having judicial mortgages, join together to enforce their several mortgages against a tract of land and plantation in the parish of Ouachita, owned by the defendant, Robert C. Rust, and in his possession.   The property thus proceeded against by the hypothecary action was formerly owned by Albert Rust, who died in April, 1872, in the State of Arkansas, his proper residence, and who never resided or had a domicile in Louisiana.   Albert Rust, in 1868, became a bankrupt in the United States District Court for the Eastern District of Arkansas.   His property, among which was his tract of land and plantation in Ouachita, which these plaintiffs are proceeding against, was sold by his assignee in bankruptcy, subject to the mortgages and incumbrances upon it.   The Ouachita land was purchased by one Charles B. Moore, who subsequently sold it to the present defendant, Robert C. Rust.

In April, 1861, Albert Rust, residing in Arkansas, being indebted to James Brander, of New Orleans, in the sum of $12,099, executed four several notes in favor of Brander, making in the aggregate the said sum of $12,099, each of the notes bearing interest from its maturity, two of them maturing first of February, 1862, and the other two on the first of February, 1863.   To secure the payment of these notes, Rust executed a mortgage, before a notary in New Orleans, on the Ouachita plantation.   This mortgage contains the pact *de non alienando*, expressly stipulating that "the mortgageor consents and agrees that any and all legal proceedings for the recovery of the amount of said notes, or any part thereof, and for the foreclosure of this mortgage, may be instituted and carried to final judgment and execution in any of the district courts of New Orleans, renouncing the benefit of any and all laws providing that defendants can only be sued or proceeded against before the judge of the parish or district wherein they reside or have their domicile."

In November, 1869, W. A. Johnson, of New Orleans, having become owner of the unpaid notes of Rust to Brander, and also of the mortgage securing them, brought suit in the Seventh District Court of New Orleans to enforce the mortgage, although Rust had made a surrender in bankruptcy and received his discharge.   Treating Rust as an absentee, and as still in possession of the property, he caused M. A. Foute, an attorney at law, to be appointed curator *ad hoc*, and had the citation and a copy of the petition served upon him in that capacity. A judgment was rendered in favor of the holder of the notes recognizing the debt and mortgage, and making the same executory.   This judgment was rendered on second of January, 1870.   Execution was issued directed to the sheriff of Ouachita, and the mortgaged property was seized in March, 1870, and advertised for sale, but the sale was injoined by Robert C. Rust, administrator of A. Rust.   In May follow-

ing, John M. Sandidge became subrogated to the rights of Johnson by notarial act. Sandidge may be regarded as the real defendant in this case.

The three creditors of Albert Rust, who are proceeding, as we have seen, by hypothecary action against the property in question, alleging that the sum claimed, by virtue of this mortgage claim of Sandidge, exceeds the value of the property, and, if enforced, would deprive them of receiving any portion of the proceeds of the property mortgaged, combine with their hypothecary action a prayer that the judgment of the Seventh District Court of New Orleans be annulled, and the mortgage of Sandidge canceled. They allege:

*First*—That the Seventh District Court of New Orleans, which rendered the judgment, was without jurisdiction either of the person or mortgaged property.

*Second*—That neither the property mortgaged nor the mortgageor were properly represented by the appointment and service of M. A. Foute as curator *ad hoc*.

*Third*—That the notes which formed the basis of the judgment of Johnson and Sandidge were prescribed at the inception of the suit.

*Fourth*—That Albert Rust at the time of the waiver of prescription on the notes, was insolvent and therefore incapacitated from making any acknowledgment or waiver to the prejudice of other creditors.

The judgment of the lower court recognized the three several judicial mortgages, and ordered the property mortgaged to be sold and the proceeds applied to the payment of these mortgages respectively. The judgment further decreed that the special mortgage of Rust to Brander, to whose title Sandidge is subrogated, be canceled from the mortgage records of the parish of Ouachita, so far as it affects the said judicial mortgages. From this judgment the defendant, Sandidge, has appealed.

We think the plea of prescription must be fatal to the defendant's claim in this case. At the time of the institution of the suit by Johnson, in the Seventh District Court of New Orleans, against Albert Rust, the latter was a discharged bankrupt. He had made a surrender in bankruptcy, the property in controversy had been sold by the assignee. Rust was no longer a party in interest. He could not be represented in this case by the curator *ad hoc* appointed for that purpose, and upon whom the citation was served. The appointment of a curator *ad hoc* and the citation served upon him were simply nullities. There was then no citation, and prescription took effect against the notes upon which the judgment is predicated.

The contested question as to the waiver of prescription it becomes unnecessary to consider. If prescription had not accrued at the time the waiver was made it became complete from and after that time.

The plea of prescription filed in this court by defendant against plaintiffs' action is not well taken. The plaintiffs, in pursuit of their rights, find themselves opposed by what purports to be a superior mortgage right to theirs, had the right to attack it and show its nullity.

It is therefore ordered that the judgment of the District Court be affirmed with costs.