Grayson's Exr. *vs.* Norton.

No. 832.

D. W. GRAYSON'S EXR. VS. E. E. NORTON, ASSIGNEE. W. BONNER, INTERVENOR.

Where the judgment debtor has gone into bankruptcy, the citation to revive the judgment must be served upon his assignee in bankruptcy, even though the assignee had filed his final account and had been discharged previous to the institution of the suit for revival.

APPEAL from the District Court for Franklin. SMITH, J.

*F. Garrett* for Plaintiff. *Richardson & Boatner* and *Farmer* for Intervenor.

Grayson had recovered a judgment against one Sims which was recorded and operated a judicial mortgage upon his lands. Afterwards Sims went into bankrupty, Norton being his assignee, and in due time Sims had his discharge. The debt to Grayson was put on the schedule as an incumbrance on the land surrendered. The land was sold by public auction by Norton under order of the bankrupt court, and Bonner bought. Norton subsequently filed his final account as assignee and was discharged.

. Before the expiration of ten years from the date of the judgment this suit was brought for its revival against Norton as assignee, and citation was served on him. Bonner intervened, setting up his purchase, and alleging that the plaintiff had sued him to enforce the judicial mortgage, and should have sued Sims to revive the judgment, the recording of which created the mortgage. He maintained that he alone was interested in resisting the revival of the judgment, and that Norton could not stand in judgment because he had been discharged before the institution of this suit and no longer represented the bankrupt's estate.

The cause was heard in 1878 when the court held, MARR, J. rendering the opinion, that the citation for revival should have been addressed to and served upon Sims, and therefore the citation to Norton was without legal warrant and a judgment for revival could not be entered thereon. A rehearing was granted.

In 1879, WHITE, J., sitting *vice* EGAN, J., deceased, the rehearing

was had and the former decree set aside, and the court held that the citation was properly served upon the assignee, notwithstanding his discharge before suit filed.

DE BLANC, J., delivered the opinion, citing Kennedy *v.* Rust, 25 La. Ann. 554, and Alter *v.* Nelson, 27 La. Ann. 242; which were adhered to because they had established a rule of practice. MARR, J., dissenting.

---

## No. 5628.

### JOHN T. MOORE & CO. VS. P. IRWIN.

Any number of persons not less than six may form themselves into an association for literary, scientific, religious, and charitable purposes by notarial act or under private signature, and it is a mistake to say that such association does not exist and cannot have a president and treasurer before the formal Act of incorporation is executed. The payment by one of the subscribers of his subscription to the fund to the President before the Act of incorporation is perfected is a payment which binds the subscriber, and he cannot recover it back, but must receive the shares of stock tendered him by the President after the Act of incorporation is perfected.

APPEAL from the Sixth District Court of New Orleans.   SAUCIER, J.

*McGloin & Nixon* for Plaintiffs Appellants.   *Gilmore & Sons* for Defendant.

MARR, J., delivered the opinion affirming the judgment.

---

## No. 6666.

### THE STATE VS. MARIE RICARD.

The defendant was indicted for larceny in the District Court, and the case was transferred to the Parish Court. Upon arraignment in the Parish Court the accused waived trial by jury, and was there tried and convicted. The exception is that the cause could not be removed to the Parish Court until after the accused had waived trial by jury. *Held*, the defendant not only accepted but invited the jurisdiction